**UNITED STATES of America, Appellee**

v.

**Michael Jonathan BOOZE, Appellant**

**No. 01–3005.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 22, 2002.

Decided June 14, 2002.

Rehearing and Rehearing En Banc Denied Aug. 6, 2002.

---

A.J. Kramer, appointed by the court, argued the cause and filed the briefs as amicus curiae on behalf of appellant.

Michael Jonathan Booze, appearing pro se, was on the briefs for appellant.

David B. Goodhand, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Roscoe C. Howard, Jr., U.S. Attorney, John R. Fisher, Mary-Patrice Brown, Stephen M. Campbell, and William J. O'Malley Jr., Assistant U.S. Attorneys.

Before: GINSBURG, Chief Judge, and HENDERSON and ROGERS, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

An inmate serving a 17½-year sentence filed a § 2255 motion alleging, among other things, that his attorney caused him to reject a plea offer with a five-year sentence by advising him erroneously that he would be sentenced to less than five years if he went to trial and was convicted. The

Government opposed the motion solely on the erroneous ground that such advice does not constitute ineffective assistance of counsel unless the attorney failed to make a good-faith estimate of the likely sentence, of which there was no evidence. The district court denied the § 2255 motion on that ground. On appeal, the Government acknowledges its error and asks the court to remand the case for the district court to determine, after an evidentiary hearing, whether such a plea offer was in fact made. Over the appellant's objection, we follow the course urged by the Government.

## I. Background

In 1989 Michael Booze and his two brothers were indicted for their role in a large drug conspiracy run by Marcos Anderson. For a full account, see *United States v. Anderson*, 39 F.3d 331 (D.C.Cir. 1994). For present purposes it matters only that, according to Booze, the Government offered to recommend a five-year prison sentence for him if he and each of his brothers would enter a guilty plea. Booze alleges that his brothers wanted to accept the offer but that his attorney, Achim Kriegsheim, caused him to reject it. Kriegsheim allegedly told Booze that if he went to trial and was convicted, then he would be sentenced to less than five years. So Booze went to trial, was convicted, and ultimately was sentenced to 17½ years.*

Booze then filed a § 2255 motion, claiming among other things that Kriegsheim's misadvising him of the consequences of rejecting the plea offer deprived him of his right to effective assistance of counsel, as guaranteed by the Sixth Amendment to the Constitution of the United States. The Government opposed the motion, arguing only that "assuming that the defen-

dant is correct about the terms of the plea offer and about his lawyer's sentencing prediction, there is no evidence that his lawyer did not make a good-faith estimate of the defendant's sentence." The district court denied the motion on that ground.

Booze filed a timely appeal. He has submitted a brief pro se and is also represented by an amicus curiae, whose participation the court invited and to whom the court is grateful.

## II. Analysis

The amicus contends principally that Kriegsheim's flawed advice constituted ineffective assistance of counsel without regard to whether he acted in good faith. The Government concedes that the district court — at its urging — applied the wrong legal standard, and asks the court to remand the matter to the district court for further factual development.

■ An attorney deprives a defendant of his constitutional right to representation only if his performance falls below "an objective standard of reasonableness" and likely affects the outcome of the case. *Strickland v. Washington*, 466 U.S. 668, 688, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This circuit has held that a lawyer who advises his client whether to accept a plea offer falls below the threshold of reasonable performance if the lawyer makes a "plainly incorrect" estimate of the likely sentence due to ignorance of applicable law of which he "should have been aware." *United States v. Gaviria*, 116 F.3d 1498, 1512 (1997).

■ The Government, apparently due to its own inexcusable ignorance of applicable law, failed in its motion opposing Booze's habeas petition to apprise the district

---

* The district court initially sentenced Booze to 22 years but reduced the sentence after this court instructed it to attribute to Booze only the quantity of cocaine that had been within the "scope of the conspiratorial agreement [he] joined." *Anderson*, 39 F.3d at 352.

court of the standard set forth in *Gaviria.*[**] Instead pointing to cases from the Seventh Circuit, the Government argued that a lawyer's recommendation regarding a plea offer falls below an objective standard of reasonableness only if "the lawyer did not 'attempt to learn the facts of the case and make a good-faith estimate of a likely sentence.'" Opposition at 12 (quoting *United States v. Martinez,* 169 F.3d 1049, 1053 (7th Cir.1999)). The district court unfortunately relied upon the reason given by the Government to deny Booze's motion.

The decision of the district court, based as it is upon the wrong legal standard, must be vacated because applying the correct legal standard could yield a shorter sentence — assuming, that is, the five-year offer was made. If the offer was made and spurned as alleged, then Kriegsheim's advice may have caused Booze to be sentenced to 17½ rather than to five years in prison.

■ The issue remaining between the parties is whether the court should remand the case to the district court for an evidentiary hearing to determine whether the Government made the alleged plea offer. The amicus resists that course, arguing that the Government, by opposing Booze's § 2255 motion in the district court without ever disputing that it made the offer, has waived the factual contention it now seeks to raise in an evidentiary hearing. As the amicus points out, the Government in its motion in opposition did not argue in the alternative, that is, did not suggest that if the court rejected its claim that Kriegsheim's performance was reasonable as a matter of law, then the court should hold an evidentiary hearing to determine whether the offer was made.

■ The question, then, is whether the Government may be heard to ask this court to order an evidentiary hearing even though it failed to make that request of the district court. This court follows "the general rule [that] ... issues and legal theories not asserted at the district court level ordinarily will not be heard on appeal"; but the court also acknowledges that the rule "should not be applied where the obvious result would be a plain miscarriage of justice." *United States v. TDC Mgmt. Corp.,* 288 F.3d 421, 425 (D.C.Cir.2002); *see also Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Hormel v. Helvering,* 312 U.S. 552, 558, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). Here the Government has indeed presented on appeal an issue — whether Booze was in fact offered the plea he claims — it did not assert before the district court. We shall exercise our discretion to consider that issue lest a plain miscarriage of justice be the result.

Consider: Booze is asking us to let him out of prison because he would have accepted the alleged plea offer of five years if only his lawyer had competently advised him. Suppose no such offer was made? To grant Booze's request would be to cut short Booze's 17½-year sentence due solely to the Government's oversight in failing to ask the district court in the alternative for an evidentiary hearing. That would be an injustice to the public the criminal justice system is supposed to serve.

■ The other argument advanced by the amicus need not detain us long. The amicus maintains that Kriegsheim's successor as Booze's attorney also provided him ineffective assistance, this time by preparing inadequately for the resentenc-

---

** The omission is all the more egregious because the Government cited *Gaviria* elsewhere in the same section of the motion in which it set forth the wrong standard. Apparently government counsel either cited the case without reading all of it or knowingly ignored its holding.

ing hearing required by our earlier remand. The district court ruled correctly, however, that Booze failed to demonstrate that his representation at that hearing was in any way prejudicial to him. The amicus suggests only that a better prepared lawyer could have argued more effectively that some of the drug transactions conducted by Michael Booze's brothers should not have been attributed to him. Even a better prepared lawyer would have been making an argument that runs counter to the law of conspiracy; therefore, he had no reasonable prospect of getting Booze a lower sentence. *See Booze I*, 108 F.3d at 384 (labeling Booze's contention "that he should not be held accountable for drug amounts that he had not personally handled" as "a position that ... reflected a lack of familiarity with the principles of conspiracy law").***

### III. Conclusion

For the foregoing reasons, the judgment of the district court is reversed. Booze's claim of ineffective assistance of counsel with respect to the alleged plea offer is remanded to the district court for further proceedings consistent with this opinion. In light of the circumstances — Booze has already served twelve years of a sentence that, if his claims are true, should have been five years — the district court should conduct such proceedings as soon as possible.

*So ordered.*

---

*** The arguments advanced by Booze in his pro se brief were addressed adequately by the district court and do not warrant further discussion in a published opinion.